UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

G31000 NORTH AMERICA INC., ALLEN GLUCK, and ALEXIS DALI,

    Plaintiffs,

-against-

CHRISTOPHER M. PARIS, and OXEBRIDGE QUALITY RESOURCES' INTERNATIONAL, LLC.,

    Defendants.

---

> 14-cv-3885
> Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue and Failure to State a Claim

Defendants, CHRISTOPHER M. PARIS ("PARIS") and OXEBRIDGE QUALITY RESOURCES' INTERNATIONAL LLC. ("OXEBRIDGE") cumulatively ("Defendants") by and through their undersigned counsel, files their Motion to Dismiss against G31000 NORTH AMERICA INC., ALLEN GLUCK, and ALEXIS DALI cumulatively ("Plaintiffs") for lack of personal jurisdiction, improper venue and for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(2), (3) and (6) and alleges as follows:

## Lack of Personal Jurisdiction

1. PARIS is a resident of Polk County, Florida.

2. OXEBRIDGE's principal place of business is in Hillsborough County, Florida.

3. On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) the plaintiff bears the burden of establishing jurisdiction. Moms Against Mercury v Food & Drug Admin., 483 F.3d 824, 827 (DC Cir. 2007).

4. Plaintiffs' complaint does not allege sufficient facts to assert jurisdiction in the District Court of the Southern District of New York.

5. Plaintiffs' do not allege sufficient facts to show that Defendants had transacted business or that this suit has arisen from any such transaction or an articulable nexus between

OXEBRIDGE's quality management system service and the alleged defamatory comments posted on the professional social network LinkedIn or the blog on OXEBRIDGE's website. <u>Best Van Lines, Inc. v Walker</u>, 490 F.3d 239, 243 (2d Cir. 2007).

6. PARIS' blog or activity on websites such as LinkedIn does not target the state of New York and although it is accessible in New York this is insufficient for personal jurisdiction. <u>Young v New Haven Advocate</u>, 315 F.3d 256, 259 (4th Cir. 2002).

7. New York law specifically prohibits long-arm jurisdiction over acts within or outside of the state for claims of defamation. N.Y. CVP. LAW § 302.

    a. § 302(a)(2) "commits a tortious act within the state, <u>except as to a cause of action for defamation of character arising from the act;</u>" (emphasis added)

    b. § 302(a)(3) "commits a tortious act within the state causing injury to person or property within the state, <u>except as to a cause of action for defamation of character arising from the act.</u>" (emphasis added)

8. Plaintiffs allege jurisdiction pursuant to 28 U.S.C. § 1343(3), "Civil rights and elective franchise." This statute has no bearing on the claims presented by plaintiffs in the complaint and therefore is irrelevant. Plaintiffs allege claims of libel, trade libel and interference with economic relations. Nowhere in plaintiffs' complaint do plaintiffs plead a violation of civil rights or that defendants deprived them of civil rights under 28 U.S.C § 1343(3).

9. Notwithstanding, lack of subject matter and personal jurisdiction it is worth noting that defendants and plaintiffs are not in competing businesses.

### Lack of Subject Matter Jurisdiction

10. Plaintiffs allege jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 (Compl. ¶ 17) but do not state a claim in any of the five counts upon which relief would be granted under that statute. The Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, did not expand the jurisdiction of the federal courts, only the remedies they may provide. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667,671,70 S.Ct. 876,879,94 L.Ed. 1194, 1199 (1950).

11. Count III of the complaint alleging Federal Unfair Trade Practices is indistinguishable from Counts I and II.

12. Plaintiffs fail to allege a federal question, federal law or federal rule of procedure that would properly invoke the jurisdiction of this Honorable Court, except to the extent the Declaratory Judgment Act is presumptively incorporated into Count IV, however as stated above, the plaintiffs do not seek declaratory relief if any of their purported causes of action.

### Improper Venue

13. Plaintiffs' venue allegation is false. Plaintiffs assert that venue is proper here pursuant to 28 U.S.C. § 1391(b), which provides that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred" or in "a judicial district in which any defendants may be found, if there is no district in which the action may otherwise be brought." See 28 U.S.C. § 1391(b). In deciding whether venue is proper under the transactional provision set forth in 1391(b)(2), the proper focus is the wrongful activities of the defendants, not the activities

of the plaintiff or the lawful conduct of either party. See Woodke v. Dahm, 70 F.3d 983, 985 (8th Cir. 1995).

14. Plaintiffs fail to make a *prima facie* showing of venue and that venue is not proper in this judicial district.  Title 28 U.S.C. § 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong district shall dismiss, or if it be in the interest of justice, transfer such case to any division in which it could have been brought." 28 U.S.C. § 1406(a).  Further, the United States District Court for the Middle District of Florida is a district in which the case could have been brought.  Defendants do not reside, nor can Defendants be found, within the jurisdiction of the U.S. District Court, Southern District of New York.  On the contrary, PARIS is domiciled in Polk County, Florida, and OXEBRIDGE's principal place of business is in Hillsborough County, Florida, at all times material, both within the jurisdiction and venue of the U.S. District Court, Middle District of Florida, Tampa Division, approximately 1,100 miles from White Springs, New York.  See Affidavit of Residency attached hereto as **Exhibit "A."** Also see affidavit of principal place of business by OXEBRIDGE attached hereto as **Exhibit "B."**

15. Defendants deny that the allegations giving rise to the claims in this action occurred within this Southern District of New York, notwithstanding that N.Y. CVP. LAW § 302(a)(2) and (3), specifically bar long-arm jurisdiction for claims of defamation.

16. Defendants move for dismissal on the grounds of *forum non conveniens*.  In the instant case, an alternative forum exists which maintains jurisdiction over Defendants, in Florida's Middle District, which is the proper jurisdiction, without undue inconvenience or prejudice.

17. Venue is improper and this action should be dismissed or transferred for *forum non conveniens*.

**Failure to State a Claim Upon Which Relief Can be Granted**

18. None of the five counts within the complaint contain a prayer for relief (although there is a global all inclusive wherefore clause at the end of the complaint).

19. Count IV fails to state a cause of action. It only gives a hypothetical claim based on unidentified, unknown third parties in relation to hypothetical, future possible contracts. (Compl. ¶62.) Article III of the United States Constitution specifically prohibits such hypothetical injuries. The federal courts are courts of limited jurisdiction. They may only resolve those "cases" and "controversies" listed in Article III, Section 2 of the Constitution. Where there is no case or controversy, federal courts lack authority to render a judgment, regardless of the subject matter. Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752 757-58, 70 L.Ed.2d 700, 708 (1982).

20. Count V is also hypothetical and fails to state a cause of action for the aforementioned reasons. (Compl. ¶68.)

21. Plaintiffs seek injunctive relief without sufficiently pleading the requisite elements and notice of fact, if any, as to why should extraordinary equitable remedy should be granted. (Compl. ¶74.)

22. Plaintiffs vaguely and confusingly seek to enjoin all with "him" without defining "him" and without naming which defendant such injunction is requested to restrain. (Compl. ¶37.)

23. Plaintiffs vaguely and confusingly request injunctive relief without indentifying what it enjoin, remove or recant. (Compl. ¶74.)

24. Plaintiffs vaguely and confusingly include unnamed defendants known as, "Defendants, their agents, servants and employees, and against any and all persons firms or corporations." (Compl. ¶74.) Such inclusion of multiple non-parities renders plaintiffs' request for injunctive relief *non sequitur*.

25. No such broad array of persons or businesses are named, further "the order" is not identified at all. (Compl. ¶74.)

26. Plaintiffs incorrectly plead common law libel (for persons) with trade libel (for businesses) indistinguishably, by improperly including all persons and business in each count and therefore fail to state a cause of action for either.

27. Plaintiffs plead for damages arising from alleged extreme mental anguish based on defendants' alleged actions without alleging severe emotional disturbance with residual physical manifestations required when pleading extreme mental anguish without physical impact. Battalla v. State, 10 NY 2d 237, 243 (1961).

28. Counts II-IV are nothing more but a list of mere conclusory statements insufficient to state a claim upon which relief can be granted under federal pleading standards. Ashcroft v. Iqbal, 556 U.S. 662 (2009).

29. The complaint fails to state a cause of action because it lacks any requisite particularity as required under Federal Rules of Civil Procedure 8(a) and 10(b). In addition, each count and each and every paragraph is fully incorporated into each following count and paragraph without regard to making any facts specific to a claim or any claim or conduct

specific to a defendant, or particular plaintiff, and without consideration of the requisite pleading of element of each purported cause of action.

30. Further, plaintiffs' paragraph numbering is redundant and non-sequential. It starts at 1 restarts at 20 and continues to 77, again.

31. The complaint is so vague, ambiguous and confusing that defendants cannot responsibly frame a response to it. Further, allowing the complaint as pleaded ("shotgun pleading") would have an adverse impact on the administration of justice and a massive waste of resources on the part of the parties. <u>Eagletech Communications, Inc. v Bryn Mawr Inv. Group, Inc.</u>, 79 So 3d 855, 863 (Fla 4th DCA) (2012).

## Conclusion

**WHEREFORE**, Defendants, CHRISTOPHER M. PARIS, and OXEBRIDGE QUALITY RESOURCES' INTERNATIONAL, LLC, request an Order of Dismissal, dismissing Plaintiffs', G31000 NORTH AMERICA INC., ALLEN GLUCK, and ALEXIS DALI, Complaint, for lack of personal jurisdiction, improper venue and for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(2),(3) and (6), and granting any such other relief as this Court deems equitable and just.

Respectfully submitted by:
**WILLIAM R. WOHLSIFER, PA**

By: /s/ William R. Wohlsifer
William R. Wohlsifer, Esquire
Fla. Bar No: 86827
1100 E Park Ave, Ste B
Tallahassee, Florida 32301
Tel: (850)219-8888
Fax: (866)829-8174
E-mail: william@wohlsifer.com