UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| G31000 NORTH AMERICA, INC., ALLEN GLUCK, and ALEXIS DALI,<br>                                    Plaintiffs,<br>-against-<br><br>CHRISTOPHER PARIS and OXEBRIDGE QUALITY RESOURCES INTERNATIONAL, LLC.<br><br>                                    Defendants. | Civil Action No.:1:14-cv-03885-VEC |

The Court having considered the Motion and Memorandum of Law and declaration on file with the court, and being otherwise advised, FINDS that;

1. Defendant Paris has engaged and is continuing to engage in tortious acts interfering with the efforts of G31000 to run its business;
2. Defendant Paris has published statements attacking G31000's business partners, its prospective business partners;
3. Absent a court order, Defendants' conduct will likely continue;
4. Plaintiffs have demonstrated a likelihood of success on the merits;
5. There is a likelihood of irreparable injury to Plaintiffs if this Order is not entered;
6. The balance of hardships favors Plaintiffs; and,
7. Public Policy favors the injunctions

IT IS HEREBY ORDERED, as follows:

1. Defendants are hereby ordered to remove any and all defamatory and/or tortious statements published or caused to be published by the

Defendants regarding G31000, its officers, employees, and agents, Dr. Karen Hardy, and/or any of G31000's other contractually obligated business partners that are:
   a. referenced in the Complaint,
   b. posted on Oxebridge.com,
   c. posted on LinkedIn.com,
   d. posted on any other blog, social media website, or any other website, or
   e. published in any other form or through any other media.
2. Defendants are hereby ordered to provide Plaintiffs with an accounting of all their published statements about Plaintiffs.
3. Defendants are hereby ordered to provide Plaintiffs with evidence of the removal of the abovementioned defamatory and/or tortious statements.
4. Defendants are hereby ordered to publish retractions of the abovementioned defamatory and/or tortious statements, and
   a. such retractions shall unequivocally and positively disavow the abovementioned statements, and
   b. such retractions shall be published in manner, form, appearance, Internet Uniform Resource Locator, and media that are corresponding with the manner, form, appearance, Internet Uniform Resource Locator, and media of the abovementioned statements.
5. Defendants are hereby permanently enjoined, restrained, and prohibited as set forth in this paragraph and in this regard shall not at any time:
   a. directly or indirectly, create, publish, distribute, re-publish, utter, or otherwise disseminate defamatory and/or tortious statements about the Plaintiffs, including, but not limited to, G31000, its officers, employees, and agents, Dr. Karen Hardy, and/or G31000's other contractually obligated business partners;

    b. publish or cause to be published statements that expose G31000, its officers, employees, and agents, Dr. Karen Hardy, and/or G31000's other contractually obligated business partners to hatred, contempt, or ridicule by the use of such terms as "unaccredited", "certificate mill", "bogus", "fly by night", and/or similar terms of disparagement;

    c. publish or cause to be published any material on the internet regarding the association of Dr. Karen Hardy or any other confirmed or scheduled speakers at any G31000 conference; or,

    d. interfere directly or indirectly with the employment of any confirmed or scheduled speaker at any G31000 conference.

6. All of G31000's officers, employees, and agents, Dr. Karen Hardy, any of G31000's other contractually obligated business partners, and the like, are intended third-party beneficiaries of this Injunction, and shall have and may properly assert against Defendants any and all rights under this Injunction in relation to such harm.

7. In the event that Defendants' violation of this Injunction injures or aggrieves Plaintiffs, and/or G31000's officers, employees, or agents, Defendants shall be liable, jointly and severally, to each party in the full amount of the damages to each party.

8. Any party aggrieved by Defendants' violation of this Injunction shall have the right to seek any legally cognizable damages.

Dated: \_\_\_\_ July, 2014

_____

                                                  United States District Judge
                                                       Valerie E. Caproni