UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

G31000 NORTH AMERICA INC., ALLEN
GLUCK, and ALEXIS DALI,

                Plaintiffs,

-against-

CHRISTOPHER M. PARIS, and OXEBRIDGE
QUALITY RESOURCES' INTERNATIONAL, LLC.,

      Defendants.
_____

> **14-cv-3885**
> **Defendant's Response in Opposition to Plaintiff's Motion for Preliminary Injunction and Temporary Restraints**

Defendants, CHRISTOPHER M. PARIS ("PARIS") and OXEBRIDGE QUALITY RESOURCES' INTERNATIONAL LLC. ("OXEBRIDGE") (cumulatively "Defendants") by and through their undersigned counsel, hereby respectfully responds in compliance with this Honorable Courts Order dated July 11, 2014 [Dkt. #14] and request this Court deny plaintiffs' Motion for Preliminary Injunction sought by G31000 NORTH AMERICA INC., ALLEN GLUCK, and ALEXIS DALI (cumulatively "Plaintiffs") and alleges as follows:

<u>**Procedurally Deficient**</u>

1. On July 10, 2014, Plaintiffs attempted to file a Memorandum of Law and Affidavit in support of a Motion for a Temporary Restraining Order and Preliminary Injunction but did not file the motion in which said documents were in support of.

2. On July 11, 2014, the clerk informed plaintiffs of the deficiency, but to date plaintiffs have not filed an original motion nor re-filed its Memorandum of Law, supporting Affidavit, and the exhibits thereto. (See copy of docket text dated July 11, 2014 (between Dkt. #13 and #14 attached hereto as Exhibit "A.") [1]

---

[1] Notwithstanding that plaintiffs have until August 1, 2014, to file an amended complaint, it is worth noting that at the time of defendants bringing forth this opposition, plaintiffs' original

3. Although there is no Motion for a Temporary Restraining Order and Preliminary Injunction of record, this motion was discussed in open Court at the pretrial conference held on July 11, 2014, thus, in an abundance of caution defendants file this opposition to plaintiffs' motion for a Temporary Restraining Order and Preliminary Injunction, despite the motion never being filed.

4. Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction should be denied, because it is not properly before this Honorable Court.

5. Plaintiffs' Memorandum in Support should be dismissed because it exceeds the twenty five (25) page limit set forth under this courts individual practices and civil cases requirements without leave of court.

### Lack of Personal Jurisdiction

6. Notwithstanding the above described procedural deficiency, a preliminary injunction would be improper, because this Court lacks personal jurisdiction over the defendants.

7. Plaintiffs' complaint does not allege sufficient facts to assert jurisdiction in the District Court of the Southern District of New York.

8. Defendants and plaintiffs are not in the same line of business nor are they competing businesses.

9. Plaintiffs' do not allege sufficient facts to show that Defendants had transacted business or that this suit has arisen from any such transaction or an articulable nexus between

---

complaint stands as dismissed, no amended complaint has been filed to date, no motion has been filed for the relief requested in plaintiffs' memorandum, except to the extent that the Court may recognize an ore tenus motion as such was heard by the Court prior to the Clerk removing the memorandum because it was not attached or made part of an operative motion. Thus, rendering the procedural posture at the time of filing this opposition to reflect that only the defendants have any operative motion or pleading of record before the Court. Further, this Honorable Court's Order dated July 11, 2014, commands that, "Defendants shall respond to plaintiffs' motion for preliminary injunction no later than July 31, 2014." [Dkt. #14]

OXEBRIDGE's quality management system service and the alleged defamatory comments posted on the professional social media network, LinkedIn, or the blog on OXEBRIDGE's website. Best Van Lines, Inc. v Walker, 490 F.3d 239, 243 (2d Cir. 2007).

10. PARIS' blog or activity on websites such as LinkedIn does not target the State of New York. Although it is accessible in New York, the global reach of the World Wide Web is insufficient for establishing personal jurisdiction. Young v New Haven Advocate, 315 F.3d 256, 259 (4th Cir. 2002).

11. Moreover, New York law specifically prohibits long-arm jurisdiction over acts within or outside of the state for claims of defamation. N.Y. CVP. LAW § 302.

   a. § 302(a)(2) "commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act;" (emphasis added)
   b. § 302(a)(3) "commits a tortious act within the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act." (emphasis added)

12. Plaintiffs' motion should be denied for failure to properly plead and establish personal jurisdiction.

## Lack of Subject Matter Jurisdiction

13. Plaintiffs allege subject matter jurisdiction under 28 U.S.C. § 1343(3), "Civil rights and elective franchise." This statute has no bearing on the claims presented by plaintiffs over the defendants in the complaint and therefore is irrelevant. Plaintiffs allege claims of libel, trade libel and interference with economic relations. Nowhere in plaintiffs' complaint do plaintiffs plead a violation of civil rights or that defendants deprived them of civil rights under 28 U.S.C § 1343(3).

14. Plaintiffs further allege subject matter jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201 (Compl. ¶ 17) but do not state a claim in any of the five counts upon which relief would be granted under that statute. The Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, did not expand the jurisdiction of the federal courts, only the remedies they may provide. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667 (1950).

15. Plaintiffs fail to allege a federal question, federal law or federal rule of procedure that would properly invoke the jurisdiction of this Honorable Court. As stated above, the plaintiffs do not seek civil rights and elective franchise relief or declaratory relief in any of their causes of action.

16. Plaintiffs' motion should be denied for failure to properly plead and establish subject matter jurisdiction.

### Material Facts in Dispute

17. Plaintiff's Motion for Preliminary Injunction and Temporary Restraints, is nothing but an attempt to stifle legitimate investigation and examination into the controversial topic of so called "certification mills" in the various ISO standards certification industry. Plaintiffs do not seek the preliminary injunction in good faith.

18. Defendant vehemently disagrees with plaintiff's assertion that the case will likely turn on matters of law. Plaintiffs' memorandum rests on the assumption that all of defendants' statements are untrue, a clear question of fact. In addition, the most crucial element of defamation is the alleged defamatory statements be untrue, defendants assert all statements made are factually accurate or otherwise clearly marked as opinion.

19. Contrarily, many of the statements in the Affidavit of Allen Gluck (the "Gluck Affidavit") are untrue. (Again, the Gluck Affidavit was submitted by plaintiffs on July 10, 2014, but removed from the record by the Clerk of Court on July 11, 2014.)

20. An Affidavit of Christopher Paris in opposition of the Temporary Restraints and Preliminary Injunction ("Paris Affidavit") (attached hereto as "Exhibit "B") contradicts and reflects the lack of integrity reflected in the Gluck Affidavit.

21. Many of the statements in the Gluck Affidavit are contrary to the attachments to his Affidavit.

    a. For example, Allen Gluck claims Christopher Paris harassed and intimidated potential speakers for their conference but according to plaintiffs' Exhibit "H" Dr. Karen Hardy never knew about Christopher Paris' statements until informed by Alex Dali.

    b. Allen Gluck claims Christopher Paris dropped his support of G31000 as retaliation from being placed in moderation on LinkedIn, but Plaintiffs' Exhibit "E" details Christopher Paris' problem with their incompetence without any mention of LinkedIn.

    c. Allen Gluck claims Christopher Paris refused to rectify errors in his reporting, when in fact Plaintiffs' Exhibit "F" is evidence of a correction made.

22. Plaintiffs' very pleadings are self-contradictory and nothing more than an attempt to obtain the outcome they seek in plaintiffs' case in chief without having to go to trial.

23. The Court can find from a plain reading of the plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction that their entitlement to same is unwarranted. The Plaintiffs include parties not named in this action, do not offer a bond,

base their motion largely on hearsay, include a broad array of unidentified persons and businesses, and are so overly broad, vague, confusing and scandalous that the Motion for Preliminary Injunction and Temporary Restraints cannot reasonably be responded to or adjudicated and therefore must be denied.

24. Plaintiffs' request for injunctive relief at this pleading stage of this case should be denied without a hearing on the grounds that it is facially insufficient and self-defeating.

25. If not denied without a hearing, the parities should first be heard on the sufficiency of the degree that plaintiffs' motion informs the court of the requisite elements for injunctive relief, the alignment of facts with the requisite elements, and whether the grounds presented by plaintiffs sufficiently justify a determination by the court.

26. If the court were to find following a hearing on that plaintiffs' motion sufficiently invokes the Court's jurisdiction for injunctive relief, then an evidentiary hearing would be warranted for the parities to show and the Court to resolve the questions of fact presented in the competing Gluck and Paris Affidavits.

27. Defendants have retained the undersigned law firm as a result of plaintiffs' original complaint and motion for injunctive relief and is obligated to pay its attorney a reasonable fee for services rendered and costs incurred.

28. Defendants are entitled to reimbursement of its reasonable attorney's fees and costs, and hereby demand reimbursement of same.

**WHEREFORE**, Defendants, CHRISTOPHER M. PARIS, and OXEBRIDGE QUALITY RESOURCES' INTERNATIONAL, LLC, request that Plaintiffs', G31000 NORTH AMERICA INC., ALLEN GLUCK, and ALEXIS DALI, Motion for Preliminary Injunction and Temporary Restraints be denied, that defendants be awarded their reasonable attorneys fees and

costs incurred in bringing forth this opposition to plaintiffs' motion, and that the Court grant such

other relief as the Court may deem equitable and just under the circumstances.

Respectfully submitted by:
**WILLIAM R. WOHLSIFER, PA**

By: /s/ William R. Wohlsifer
William R. Wohlsifer, Esquire
Fla. Bar No:  86827
1100 E Park Ave, Ste B
Tallahassee, Florida 32301
Tel:  (850)219-8888
Fax:  (866)829-8174
E-mail: william@wohlsifer.com