```
                                                              USDC SDNY
                                                              DOCUMENT
UNITED STATES DISTRICT COURT                                  ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                                 DOC #:_____
-------------------------------------------------------------X DATE FILED: 11/21/2014
 G31000 NORTH AMERICA, INC.,                      :
 ALLEN GLUCK,                                     :
 ALEXIS DALI,                                     :
                                                  :           14-CV-3885 (VEC)
                                   Plaintiffs,    :
                                                  :           OPINION & ORDER
                      -against-                   :
                                                  :
 CHRISTOPHER M. PARIS,                            :
 OXEBRIDGE QUALITY RESOURCES, INT'L, INC.,:
                                                  :
                                   Defendants.    :
-------------------------------------------------------------X
```

VALERIE CAPRONI, United States District Judge:

Plaintiffs G31000 North America, Inc. ("G31000"), Allen Gluck, and Alexis Dali ("Plaintiffs") allege that Christopher Paris and Oxebridge Quality Resources International, LLC ("Oxebridge") (collectively "Defendants") have embarked on a smear campaign to harm the individual plaintiffs and G31000's business.[1] Defendants move to dismiss the case for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), and for improper venue under Fed. R. Civ. P. 12(b)(3).[2] Defendants' motion to dismiss the First Amended Complaint ("FAC") is GRANTED because the Court lacks personal jurisdiction.[3]

---

[1] The Complaint alleges causes of action for: (1) violation of §43(a) of the Lanham Act, (2) intentional interference with prospective economic relations under New York law, (3) negligent interference with prospective economic relations under New York law, (4) defamation under New York law, and (5) common law trade libel or injurious falsehood under New York law.

[2] Defendants also stated that they move to dismiss for failure to state a claim upon which relief can be granted. Def. Mem. at 1. The Court does not construe Defendants' motion as one to dismiss under Fed. R. Civ. P. 12(b)(6), however, because they have raised no arguments in support of such a motion.

[3] Because this action is dismissed for lack of personal jurisdiction, the Court need not reach Defendants' arguments that the Court lacks subject matter jurisdiction and that venue is improper. "[T]here is no mandatory sequencing of jurisdictional issues. . . . [A] court may dismiss for lack of personal jurisdiction without first

1

## BACKGROUND[4]

### I. Facts

Gluck and Dali are the directors of G31000 and are actively involved in the risk management industry. FAC ¶¶ 2, 12-13. G31000 is a New York not-for-profit corporation dedicated to educating the risk management industry about the "ISO 31000" risk management standard. *Id.* at ¶¶ 25-27, 29. The ISO 31000 standard is a set of principles and guidelines that was developed by the International Standards Organization ("ISO") to serve as a paradigm for risk management. *Id.* at ¶¶ 26-27.

Defendants provide consulting services in the quality management industry, which encompasses risk management. *Id.* at ¶ 2. Defendant Paris, a Florida resident, is the sole member and chief executive officer of Oxebridge. *Id.* at ¶ 18. Oxebridge, a Florida corporation with its principal place of business in Florida, provides consulting for a different ISO standard – the ISO 9001 standard – which is a quality management standard. *Id.* at ¶ 28.

Plaintiffs argue that the ISO 31000 standard and the ISO 9001 standard overlap in a number of ways. First, the ISO 31000 standard serves as a risk management reference for all the ISO management systems standards, including the ISO 9001 standard. *Id.* at ¶ 28. In addition, the ISO 9001 standard will begin to require its own risk management component in the year 2015. *Id.* ¶ 2. Based on this interrelationship between the ISO 31000 standard and the ISO 9001 standard, Plaintiffs claim that they are in competition with Defendants. *Id.* at ¶ 77; Pl. Mem. ¶ 39.

---

establishing subject-matter jurisdiction." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (internal citations and quotation marks omitted). To best serve judicial economy, a "federal court has leeway to choose among threshold grounds for denying audience to a case on the merits." *Id.*

[4]   The facts alleged in the Plaintiffs' First Amended Complaint are accepted as true for the purpose of deciding Defendants' motion to dismiss. *Doe v. Delaware State Police*, 939 F. Supp. 2d 313, 319 (S.D.N.Y. 2013).

The FAC alleges that Defendants have taken a number of actions to interfere with G31000's business, to harm Gluck and Dali in their professions, and ultimately to steal Plaintiffs' clients.[5]  Plaintiffs allege that these actions, which amounted to a "smear campaign," were motivated by Defendants' desire to divert to themselves Plaintiffs' clients and sponsors.

## II.    Additional Jurisdictional Facts

In support of their argument that a court sitting in New York has personal jurisdiction over Defendants, Plaintiffs allege that Defendants' conduct was targeted at New York and caused injury in New York,  FAC ¶ 21, and that Defendants provide consulting services to customers that are headquartered in New York including Jet Blue and L3 Communications, *id.* ¶ 22.  Furthermore, according to the FAC, Defendants are actively soliciting business in New York to expand their New York client base.  *Id.* at ¶ 23.  As evidence of Defendants' solicitation efforts, Plaintiffs allege that Defendants recently solicited them to conduct business in New York.  *Id.*

Plaintiffs argue that the Court has personal jurisdiction over Defendants because Defendants allegedly acted out of a motivation to steal Plaintiffs' New York clients.  *Id.* at ¶ 77.  Plaintiffs do not present any evidence that Defendants actually succeeded in their efforts to gain New York clients and instead assert that "[i]t is not material if [the Defendants'] efforts failed."  Pl. Mem. ¶ 16.

---

[5]    Plaintiffs allege that Defendants' actions included, *inter alia*, making unfounded accusations about Plaintiffs to the New York Attorney General, to the Dean of Manhattanville College, and on LinkedIn and other websites.  Allegedly as a result of these actions, Plaintiffs' LinkedIn accounts were suspended, Gluck was fired from his adjunct professor position at Manhattanville College, and Plaintiffs lost a number of sponsors for a conference they were planning.  Plaintiffs also argue that while they have been adversely affected by these actions, Defendants have sought to profit through a technique referred to as "Search Engine Optimization."  Pl. Mem. ¶ 23.  According to the FAC, Defendants employ "Search Engine Optimization" by posting defamatory statements about the Plaintiffs on websites, which results in their negative posts concerning Plaintiffs appearing in internet search results for Plaintiffs' business.  FAC ¶ 42.  Plaintiffs' theory is that Defendants therefore benefit each time anyone conducts an internet search for the Plaintiffs.

In support of their motion to dismiss, Defendants argue that they have not generated any new business through any of the conduct alleged in the FAC, that they are not in competition with Plaintiffs, and that there is no articulable nexus between Plaintiffs' claims and Defendants' business with Jet Blue and L3 Communications that would justify exercising personal jurisdiction over Defendants.   Def. Mem. at 2.

## DISCUSSION

### I. Personal Jurisdiction

Defendants moved pursuant to Fed. R. Civ. P. 12(b)(2) to dismiss Plaintiffs' FAC for lack of personal jurisdiction.  "A plaintiff bears the burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to bring suit."  *Penguin Grp. (USA) Inc. v. American Buddha*, 609 F.3d 30, 35 (2d Cir. 2010) (citing *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003) (*per curiam*)).  "In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a *prima facie* showing that jurisdiction exists."  *Id.* (quoting *Thomas v. Ashcroft*, 470 F.3d 491, 495 (2d Cir. 2006)).  "Such a showing entails making 'legally sufficient allegations of jurisdiction,' including 'an averment of facts that, if credited[,] would suffice to establish jurisdiction over the defendant.'"  *Id.* (quoting *In re Magnetic Audiotape*, 334 F.3d at 206)).  Although all facts and allegations are to be considered in the light most favorable to the plaintiff, "the court is not bound to accept as true a legal conclusion couched as a factual allegation, and a plaintiff may not rely on conclusory non-fact-specific jurisdictional allegations to overcome a motion to dismiss."  *Doe v. Delaware State Police*, 939 F. Supp. 2d 313, 321 (S.D.N.Y. 2013) (citing *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998)) (internal quotations omitted).

To resolve the issue of personal jurisdiction, the Court must determine whether Defendants are subject to jurisdiction under the laws of New York, the forum state. *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 224 (2d Cir. 2014) (*per curiam*). "In New York, the question of long-arm personal jurisdiction over an out-of-state defendant is governed by N.Y.C.P.L.R. § 302." *Penguin Grp.*, 609 F.3d at 35. Plaintiffs assert that Defendants are subject to specific jurisdiction in New York pursuant to two provisions of New York's long-arm statute: N.Y.C.P.L.R. §§ 302(a)(1) and 302(a)(3).

### A. Section 302(a)(1)

The only possible basis for long-arm jurisdiction over Defendants under the New York long-arm statute is C.P.L.R. § 302(a)(1) because sections 302(a)(2) and (a)(3) "explicitly exempt causes of action for the tort of defamation from their scope." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 244-45 (2d Cir. 2007). Although Plaintiffs have nominally alleged torts other than defamation, "[p]laintiffs may not evade the statutory exception by recasting their cause of action as something other than defamation." *Cantor Fitzgerald, L.P., v. Peaslee*, 88 F.3d 152, 157 (2d Cir. 1996). Claims that "sound[] in defamation" are also excluded from sections 302(a)(2) and 302(a)(3). *Id.* In this case, as in *Cantor Fitzgerald*, the entire Complaint "sounds in defamation."

In *Cantor Fitzgerald*, the plaintiffs sued for defamation, injurious falsehood and tortious interference with prospective economic advantage premised entirely on negative comments the defendants allegedly made about them. 88 F.3d at 154. Because all of the claims were based on the allegedly defamatory statements, the Second Circuit rejected the plaintiffs' argument that jurisdiction over those other tort claims could be based on sections 302(a)(2) and 302(a)(3). *Id.* at 157.

5

So too here.  All of Plaintiffs' claims – regardless of how they are denominated – rest on Defendants' allegedly defamatory statements.  FAC ¶¶ 103-134.  For all the reasons explained in *Cantor Fitzgerald*, then, the only provision of the New York long-arm statute on which the Plaintiffs can rely to assert personal jurisdiction over the Defendants is section 302(a)(1).

"To determine the existence of jurisdiction under section 302(a)(1), a court must decide (1) whether the defendant 'transacts any business' in New York and, if so, (2) whether this cause of action 'aris[es] from' such a business transaction."  *Best Van Lines*, 490 F.3d at 246.  Plaintiffs have not established a *prima facie* showing of personal jurisdiction under section 302(a)(1).

Plaintiffs allege two facts in support of their argument that Defendants' "transaction of business" in New York confers personal jurisdiction over them with respect to the Plaintiffs' claims, but neither fact is sufficient.  First, Plaintiffs allege that Defendants provide consulting services to companies that are headquartered in New York.  That fact is not sufficient to establish personal jurisdiction because the Plaintiffs have not alleged *any* facts to show that the causes of action in the FAC "arise from" the Defendants' consulting relationship with Jet Blue or L3 Communications.  "New York courts have held that a claim 'arises from' a particular transaction when there is some articulable nexus between the business transacted and the cause of action sued upon or when there is a substantial relationship between the transaction and the claim asserted."  *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006) (internal quotations and citations omitted).  In response to a certified question from the Second Circuit, the New York Court of Appeals "made clear that the 'arising from' prong of section 302(a)(1) does not require a causal link between the defendant's New York business activity and a plaintiff's injury," but it does require "a relatedness between the transaction and

the legal claim such that the latter is not completely unmoored from the former." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168-69 (2d Cir. 2013) (citing *Licci v. Lebanese Canadian Bank*, 20 N.Y.3d 327 (2012)).  Because Plaintiffs have not shown *any* connection between Defendants' allegedly defamatory conduct vis-à-vis Plaintiffs and Defendants' consulting relationship with Jet Blue or L3 Communications, Defendants' transaction of business with those New York companies is insufficient to establish personal jurisdiction.

Second, Plaintiffs allege that Defendants "transact business" in New York because Defendants seek to expand their client base in New York.  Plaintiffs argue that the Defendants' solicitation of New York clients "arises from" the claims in this action because Defendants' motivation in smearing Plaintiffs was to steal their clients.  This argument also fails because Defendants' solicitation of New York clients is not sufficient to establish that Defendants "transact business" in New York.  Under New York law,

> mere solicitation of business within the state does not constitute the transaction of business within the state, unless the solicitation in New York is supplemented by business transactions occurring in the state, or the solicitation is accompanied by a fair measure of the defendant's permanence and continuity in New York which establishes a New York presence.

*O'Brien v. Hackensack Univ. Med. Ctr.*, 305 A.D.2d 199, 201 (1st Dep't 2003) (internal citations omitted).  Plaintiffs have not made a *prima facie* showing that Defendants' solicitation of business was supplemented by actual business transactions in New York.[6]  Nor have Plaintiffs alleged that the solicitation was accompanied by a "fair measure of permanence and continuity" in New York such that the solicitation rises to the level of transacting business.  When determining an out-of-state defendant's "permanence and continuity" in the State, New York

---

[6] In fact, the Plaintiffs argue the opposite – that mere solicitation is sufficient to establish personal jurisdiction and that "[i]t is not material if [the Defendants'] efforts failed."  Pl. Mem. ¶ 16.

courts look to factors such as whether the defendant has an office, mailing address, bank account, or employees in New York. *Id.* The Plaintiffs have not alleged any such contacts by Defendants. The absence of such contacts "while not individually dispositive, in the aggregate militate[] against finding that [Defendants] had a sufficient New York presence so as to justify jurisdiction." *Id*.

Plaintiffs have failed to make a *prima facie* showing that their cause of action arises from business the Defendants transact in New York. Accordingly, the Court does not have personal jurisdiction over the Defendants pursuant to C.P.L.R. § 302(a)(1).

### B. Section 302(a)(3)

Even assuming that the Plaintiffs have pled causes of action that do not sound in defamation, N.Y.C.P.L.R. § 302(a)(3) does not provide a basis for jurisdiction. Under section 302(a)(3), New York has personal jurisdiction over an out-of-state defendant who:

> commits a tortious act without the state causing injury to person or property within the state, . . . if he
> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

N.Y.C.P.L.R. § 302(a)(3).

"Under this provision, the [Plaintiffs] must show both that an injury occurred 'within the state,' and that the elements of either clause (i) or (ii) have been satisfied." *Ingraham v. Carroll*, 90 N.Y.2d 592, 596 (1997). Assuming, without deciding, that the injury to Plaintiffs occurred "within the state," the Plaintiffs nevertheless fail to establish jurisdiction pursuant to C.P.L.R. § 302(a)(3) because neither clause (i) nor (ii) has been satisfied.

To make a *prima facie* showing of jurisdiction under C.P.L.R. § 302(a)(3)(i), Plaintiffs must "demonstrate one of four alternative forms of ongoing New York activity by [Defendants]—regularly doing business in New York, regularly soliciting business in New York, engaging in a 'persistent course of conduct' in New York, or deriving 'substantial revenue from goods used or consumed or services rendered' in New York." *Doe v. Delaware State Police*, 939 F. Supp. 2d 313, 326 (S.D.N.Y. 2013) (internal citations and quotation marks omitted). In essence, in order to exercise jurisdiction over Defendants pursuant to section 302(a)(3)(i), the Defendants must be engaged in "some ongoing activity *within New York State*." *Ingraham*, 90 N.Y.2d at 597 (emphasis in original).

Plaintiffs have alleged that Defendants provide consulting services to customers headquartered in New York, namely Jet Blue and L3 Communications, but Plaintiffs have made no allegations regarding the nature or scope of this business or even that the consulting arrangement involves Defendants providing consulting services at those companies' corporate headquarters in New York. Thus, the Court is unable to infer that Defendants are engaged in regular or persistent business in New York. Plaintiffs have also failed to allege that Defendants regularly solicit business in New York. Plaintiffs point to one recent instance where Defendants sought to do business with the Plaintiffs in New York, but this one instance is not enough to establish ongoing activity. Section 302(a)(3)(i) "require[s] something more than [a] 'one shot' single business transaction." *Ingraham*, 90 N.Y.2d at 597. Finally, Plaintiffs have also failed to allege that Defendants derive substantial revenue from services rendered in New York. Plaintiffs have not alleged the nature of the consulting services Defendants render to companies headquartered in New York, so the Court is unable to infer that Defendants provided services to

Jet Blue or L3 Communications in New York or that Defendants derived substantial revenue from these services. Thus, the requirements of C.P.L.R. § 302(a)(3)(i) have not been met.

Plaintiffs also fail to satisfy a *prima facie* showing of jurisdiction under C.P.L.R. § 302(a)(3)(ii). "Under subsection 302(a)(3)(ii), the plaintiff must demonstrate that the defendant 'expected or should reasonably have expected the [tortious] act to have consequences in [New York],' and that defendant 'derived substantial revenue from interstate or international commerce.'" *Doe v. Delaware State Police*, 939 F. Supp. 2d 313, 326 (S.D.N.Y. 2013) (citing *LaMarca v. Pak-Mor Mfg. Co.*, 95 N.Y.2d 210, 214, 735 N.E.2d 883, 886 (2000)). Assuming, without deciding, that the Defendants expected, or have reason to expect, that their out-of-state tortious activity would have direct consequences in New York, Plaintiffs failed to allege facts establishing that Defendants derive substantial revenue from interstate or international commerce. The "derived substantial revenue" requirement "narrows the long-arm reach to preclude the exercise of jurisdiction over nondomiciliaries who might cause direct, foreseeable injury within the State but whose business operations are of a local character." *Ingraham*, 90 N.Y.2d at 599 (internal citations omitted). Plaintiffs have provided no facts from which the Court can infer that Defendants derive "substantial" revenue from interstate or international commerce. Thus, Plaintiffs have failed to establish personal jurisdiction under CPLR § 302(a)(3)(ii).

### C. Jurisdictional Discovery

Plaintiffs have requested an opportunity for jurisdictional discovery should the Court conclude that Plaintiffs have failed to demonstrate personal jurisdiction. The Second Circuit has limited the availability of jurisdictional discovery for plaintiffs who fail to establish a *prima facie* case of personal jurisdiction. *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 186 (2d Cir. 1998).

Thus, in this circuit, "[d]istrict courts . . . routinely reject requests for jurisdictional discovery where a plaintiff's allegations are insufficient to make out a *prima facie* case of jurisdiction." *Stutts v. De Dietrich Grp.*, 465 F. Supp. 2d 156, 169 (E.D.N.Y. 2006) (listing cases). Because Plaintiffs have not alleged sufficient facts to establish a *prima facie* showing of personal jurisdiction, and because Plaintiffs do not indicate what they would seek in jurisdictional discovery to cure their jurisdictional allegations, the Court declines Plaintiffs' request for jurisdictional discovery.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Dkt. 28) is GRANTED. The Clerk of Court is respectfully requested to terminate the case.

**SO ORDERED.**

**Date: November 21, 2014**  **VALERIE CAPRONI**
**New York, New York**  **United States District Judge**