UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

G31000 NORTH AMERICA INC., ALLEN
GLUCK, and ALEXIS DALI,

       Plaintiffs,

-against-

CHRISTOPHER M. PARIS, and OXEBRIDGE
QUALITY RESOURCES' INTERNATIONAL, LLC.,

       Defendants.
_____/

14-cv-3885
Defendants' Verified Motion
for Award of Attorney's Fees

## VERIFIED MOTION FOR AWARD OF ATTORNEY'S FEES

COMES NOW the defendants, OXEBRIDGE QUALITY RESOURCES INTERNATIONAL, LLC and CHRISTOPHER PARIS, cumulatively ("Defendants") by and through its undersigned attorney, and moves this Honorable Court under Rule 54 of the Federal Rules of Civil Procedure, for an award of reasonable attorney's fees, same to be taxed joint and severally against plaintiffs, G31000 NORTH AMERICA INC., ALLEN GLUCK, and ALEXIS DALI cumulatively ("Plaintiffs") on the grounds that:

1. On November 21, 2014, the Court entered its Opinion & Order [Dkt-30] which granted Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint for Lack of Jurisdiction and Improper Venue. [Dkt-28]

2. The Court's Opinion & Order [Dkt-30] dismissed the First Amended Complaint [Dkt-24] "because the Court lacks personal jurisdiction." Opinion & Order, p. 1.

3. The court did not reach Defendants' arguments whether the Court lacks subject matter jurisdiction and that venue was improper, as the Court may dismiss for any single jurisdictional issues with no mandatory sequencing of which jurisdictional issue to address first. Opinion & Order, p. 1, n. 3.

4. Likewise, the Court did not reach the merits of Plaintiffs' First Amended Complaint [Dkt-24] *Id.*

5. Further, the Court reach the merits of Plaintiffs' original complaint [Dkt-1], Plaintiffs' ("Preliminary") Emergency Motion for Temporary Restraining Order [Dkt-13], or Plaintiffs' Emergency Motion for Temporary Restraining Order [Dkt-17], or Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Temporary Restraining Order [Dkt-18], or Plaintiffs' Reply Memorandum of Law in Support [re: Dkt- 13] in Support of Plaintiffs' Motion for Emergency Restraining Order [Dkt-26].

6. Notwithstanding the fact that the Court did not reach the merits of Plaintiffs' fillings referenced in the Paragraphs Nos. 2 and 3 immediately above, the Defendants was forced to timely and fully responded to each of these attempts to sue and restrain the Defendants' commercial activity.

7. The Defendants incurred legal fees in responding to the pleadings and motions served by the Plaintiffs and herein seeks a finding of entitlement to recovery of such expense in the form of a judgment against the Plaintiffs, in an amount to be proven to the Court.

8. The Defendants were the prevailing party in this action.

9. On June 24, 2014, Defendants retained the law firm of William R. Wohlsifer, PA to represent each of them in response to this action filed by the Plaintiffs. (A copy of the Attorney-Client Hourly Fee Agreement and Authority to Represent between the Defendants and William R. Wohlsifer, PA, is attached hereto as Defendant's Exhibit "A.")

10. Attorney William R. Wohlsifer represented Defendants in all aspects and at all times in this action.

11. The ordinary hourly billing rate for William R. Wohlsifer, Esq. is $275 per hour; and $90 per hour for law clerks or paralegals rendering service under the direct supervision of William R. Wohlsifer, Esq.

12. William R. Wohlsifer, PA's hourly rates are reasonable in the Southern District of New York for the complexity of the issues raised and causes of action pursued in this matter.

13. The hours expended litigating this case were necessary and reasonable.

14. In sum, Defendants paid **$8,766.25** in legal fees to William R. Wohlsifer, PA for **30.50 hours of attorney's time** and **7.75 hours of paralegal time**. (Copies of William R. Wohlsifer, PA's Invoice No. 2523 dated July 16, 2014, and Invoice No. 2534 dated August 13, 2014, are attached hereto as Defendants' Composite Exhibit "B.")

15. Defendants are not seeking recovery of costs.

16. William R. Wohlsifer's Affidavit of Attorney's Time is (attached hereto as Exhibit "B") reflects a total of 18.75 hours of attorney's time at $275 per hour, plus 2.00 hours of legal assistant time charged at $90 per hour.

17. The verified collaborating statement as to the reasonableness of William R. Wohlsifer, PA's fee sought herein, prepared by Leighanne C. Boone, Esquire, is attached hereto as Exhibit "C."

18. Thus, total the attorney's fee award sought by way of this Motion is $8,766.25.

**Argument**

19. Defendants entitlement to recovery attorney's fees arises under, which the Plaintiffs sued under in this action, alleging violations of § 43(a) of the Lanham Act and alleging damages "believed to be in excess of One Million Dollars ($1,0000,000.00), [sic] injunctive relief and attorneys' fees." Amended Complaint [Dkt-22] p. 22, ¶ 107.

20. Title 15 U.S.C. §1117(a)(3), provides in pertinent part that:

    > In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above circumstances shall constitute compensation and not a penalty. The court in exceptional cases may award reasonable attorney fees to the prevailing party.

    15 U.S.C. §1117(a)(3).

21. When considering an application for compensation, the Court may consider the lodestar principle to determine a proper fee award. *Pennsylvania v. Delaware Valley Citizens' Counsel*, 478 U.S. 546 (1986). The lodestar principle is based on multiplying the reasonable number of hours expended on services by a reasonable rate. *Id.*

22. After determining the appropriate fee according to the lodestar method, this Court may consider other factors to adjust the fee upward or downward. *Hensley v. Eckerhardt*, 461 U.S. 424 (1983); *see Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

23. In adjudicating a reasonable fee above the minimum flat fee charged to the client, Defendant reminds the Court of the twelve (12) factors enunciated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) and reaffirmed by the Eleventh Circuit in *Cable/Home Communications Corp.*:

> In *Johnson*, the following considerations were found to be relevant to the determination of a reasonable attorney's fee award:
>
> 1) the time and labor required;
> 2) the novelty and difficulty of the questions;
> 3) the skill requisite to perform the legal service properly;
> 4) the preclusion of other employment by the attorney due to the acceptance of the case;
> 5) the customary fee;
> 6) whether the fee is fixed or contingent;
> 7) time limitations imposed by the client or the circumstances;
> 8) the amount involved and the results obtained;
> 9) the experience, reputation and ability of the attorney's;
> 10) the "undesirability" of the case;
> 11) the nature and length of the professional relationship with the client; and
> 12) awards in similar cases.

*Cable/Home Commc'n Corp. v. Network Prod.*, 902 F.2d 829, 853 n.37 (11th Cir. 1990) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

**WHEREFORE,** defendants, OXEBRIDGE QUALITY RESOURCES INTERNATIONAL, LLC and CHRISTOPHER PARIS, cumulatively ("Defendants") moves for a finding of entitlement to an award for reasonable attorney's fees to be taxed against Defendants, G31000 NORTH AMERICA INC., ALLEN GLUCK, and ALEXIS DALI, joint severally, and that the Court find that $8,766.25 is a reasonable fee, as reflected in the attached Verified Invoices Nos. 2523 and 2534, and that the Court grant such other relief it may deem equitable and just under the circumstances.

## CERTIFICATION OF COUNSEL

A. Undersigned counsel has fully reviewed the time records and other documents/data referred to in this Motion and the Motion is well grounded in fact and justified.

B. Undersigned Counsel has attempted to confer with Robert Garson, Esquire, counsel for Plaintiffs in a good effort to resolve the issues raised in this Motion and has been unable to do so.

## VERIFICATION OF ATTORNEY'S TIME

1. My name is William R. Wohlsifer, I am older than eighteen (18) years of age and a citizen of the United States.

2. I am the Attorney of Record for the Defendants in the above-styled case.

3. I have personal knowledge of the books and records of William R. Wohlsifer, PA, and how they are maintained as they relate to the *G31000 et al. v. Paris and Oxebridge*.

4. These books and records include data compilations of my time and my paralegals' time for services they render which I oversee, and for costs incurred by my client.

5. I keep such records in the course of my regularly conducted business activity as a practicing attorney in the State of Florida. The entries are made by me, from my personal knowledge of the information being recorded. It is the regular practice of William R. Wohlsifer, PA, by and through me, to make these entries at the time the costs and fees are generated.

6. **I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that the attached Copies of William R. Wohlsifer, PA's Invoice No. 2523 dated July 16, 2014, and Invoice**

**No. 2534 dated August 13, 2014 (attached hereto as Defendants' Composite Exhibit "B")** reflect the actual charges incurred as a result of me and my law firm's providing Defendants' legal services pertaining directly to the above-captioned matter.

## VERIFICATION

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct**

Executed on this 5th day of December 2014.

/s/ William R. Wohlsifer
William R. Wohlsifer, Esquire
Fla. Bar No: 86827

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served on all parties receiving electronic notification via the Court's CM/ECF system as of December 5, 2014.

Respectfully submitted by,

**WILLIAM R. WOHLSIFER, PA**

By: /s/ William R. Wohlsifer
William R. Wohlsifer, Esquire
Fla. Bar No: 86827
1100 E Park Ave Ste B
Tallahassee, Florida 32301
Tel: (850)219-8888
Fax: (866)829-8174
E-Mail: william@wohlsifer.com
Attorney for Defendants