# WILLIAM R. WOHLSIFER, PA
*Attorney - Mediator*

## CONFIDENTIAL ATTORNEY-CLIENT HOURLY FEE AGREEMENT AND AUTHORITY TO REPRESENT

This agreement ("Agreement") is made by and between William R. Wohlsifer, PA ("Attorney") and Chris Paris, individually ("Paris") and on behalf of Oxebridge Quality Resources International, LLC ("Oxebridge") (Paris and Oxebridge cumulatively referred to as "Client") 1503 South US Highway 301 Ste 36, Tampa FL 33619, Tel: 863-651-3750, Fax: 407-386-6410, Email: chris@oxebridge.com.

Client agrees to promptly advise Attorney, in writing, of any change of address or other contact information that may occur during the representation.

### SECTION I - PURPOSE OF EMPLOYMENT

I, the undersigned Client, hereby retain and employ the law firm of William R. Wohlsifer, PA, as my attorney to represent Paris and Oxebridge in the defense of a legal action against G31000 North America Inc., Allen Gluck, & Alexis Dali; 340 Madison Ave 19th FLR, New York, New York, 10173; on claims of assault, libel, and slander. As a Defendant filing a counter claim maybe necessary if deemed appropriate by client. The Southern District has an open policy and Attorney expects to readily obtain permission for approval as a member of the Florida bar, to appear in this matter on a Pro Hac Vice appearance.

### SECTION II - COMPENSATION OF ATTORNEY

1. Attorney will do all it can to keep legal fees at a minimum, reasonably calculated to provide representation properly suited for the stated matter. Client hereby consents to Attorney's compensation (fees and costs) as defined below:

| | |
|---|---|
| Attorney's time: | $275.00 per hour |
| Legal assistant's time: | $ 90.00 per hour |

Attorney time is normally billed in quarter-hour increments; thus, the minimum unit charge for attorney time is 0.25 hours (15 minutes). Client is billed for all time Attorney spends associated with Client's case, including travel time to meetings, telephone time, file review, sending and receiving e-mails and review of same and the numerous other tasks involved in bringing Client's matter to its final disposition.

Page 1 of 5

1100 East Park Ave Ste B
Tallahassee FL 32301

Telephone: 850-219-8888
Facsimile: 866-829-8174
infringement-attorney.com

WILLIAM R. WOHLSIFER

All Florida State Courts

U.S. District Court
Northern District of Florida

U.S. District Court
Middle District of Florida

U.S. District Court
Southern District of Florida

U.S. Bankruptcy Court
Northern District of Florida

U.S. Bankruptcy Court
Middle District of Florida

Approved Mortgage Modification Mediator for the U.S. Bankruptcy Court Northern District of Florida

Florida Supreme Court Certified Circuit Civil Mediator

Florida Supreme Court Certified Appellate Mediator

Division of Florida Condominiums, Timeshares, and Mobile Homes Certified Dispute Mediator

Trained in Collaborative Law Practice

Member of the Florida Academy of Professional Mediators

Member of the Florida Bar Real Property, Probate and Trust Law Section

Licensed Florida Real Estate Broker

DEFENDANT'S EXHIBIT A






2. Client agrees to pay Attorney an advanced retainer upon the execution of this Agreement of Two Thousand Seven Hundred Dollars ($2,700), One Thousand Dollars ($1,000) of which is non-refundable, One Thousand Five Hundred ($1,500) which will be deemed refundable and held in Attorney's trust account to be applied against Attorney's future billable time and costs.

3. Client agrees to pay attorney Two Hundred Dollars ($200), for payment to the Southern District Clerk of Court upon filing of a motion for the Attorney to appear Pro Hac Vice in the United States Southern District of New York.

4. Client agrees to pay for such hourly fees as described in Section Two, paragraph 1, upon presentation of Attorney's monthly billing statement and to advance such other amounts as Attorney deems appropriate from time-to-time to be held in Trust to replenish the advanced fees and costs retainer. Any money held in Trust not applied to Attorney's fees or costs shall be refunded to Client at the conclusion of the representation.

5. In the event Client fails to timely pay or request verification of Attorney's invoice the following procedure shall apply:

   a. If payment is 10 days past due a first reminder call or letter will be sent;

   b. If payment is 20 days past due a second reminder call or letter will be sent;

   c. If payment is 30 days past due, all non-mandatory work will be suspended; a motion to withdraw will be filed with the court, and a request for consent for termination of legal counsel will be sent to Client.

## SECTION III – EXPENSES

Client authorizes Attorney to incur all necessary and reasonable expenses in connection with these proceedings, including, but not limited to, court costs and expenses for filing and serving papers, service of process, alias summons, registered agent and address investigations, photocopying, certification of documents, transcripts, travel expenses, notary services, Internet research, private investigators, extraordinary long distance charges or conference calls using outside communication services, property adjusters, expert witnesses, court reporters, and other reasonable and necessary out-of-pocket expenses. However, except in exigent circumstances, Attorney will not incur any single expense in excess of One Hundred Dollars ($100.00) without prior client approval. Client agrees to pay a one-time initial file setup-fee in the amount of Fifty Dollars ($50.00) per case or matter. Black & white photocopies are charged at $.25 per page; color copies are charged at $1.00 per page. The cost to prepare and obtain an alias summons is generally $75.00 per party. The cost to search the official records, Secretary of State filings, property appraiser's records, or other database is generally $25.00. Client understands and agrees that Attorney will be reimbursed for all of said expenses upon receipt of Attorney's monthly statement.

## SECTION IV - EXCHANGE OF INFORMATION

Attorney will inform Client from time-to-time as to the status of all matters handled by Attorney. Attorney will copy Client with all relevant written materials prepared, sent, or received by Attorney pertaining to this representation. Copies of such materials will be provided to Client at Client's expense. Client agrees to provide Attorney with all information known by or available to Client that may assist Attorney throughout the representation contemplated herein.

## SECTION V - TERMINATION OF EMPLOYMENT

The relationship established by this Agreement may be terminated as follows:

1. Client may terminate employment of Attorney at any time for any reason by notifying Attorney in writing of such intent to terminate. In the event of such termination, Client shall pay Attorney for all attorney's fees and advanced costs, and for all other expenses incurred in connection with attorney's representation up to the time of termination or up to the time of entry of a court order of withdrawal, whichever comes last. If the advanced retainer is insufficient to pay the Attorney's fees or insufficient to cover the fees and expenses incurred under this Agreement, Client will pay the shortage.

2. Attorney may terminate this Agreement if Client fails to comply with its terms and conditions by notifying Client in writing of such termination. In the event of such termination, Client shall pay Attorney for all fees earned and expenses incurred by Attorney up to the time of termination by Attorney.

3. This Agreement shall bind and inure to the benefit of the Client, and to his, her, their, or its respective heirs, executors, administrators, personal representatives, successors, and assigns.

## SECTION VI - SCOPE OF REPRESENTATION

1. Client understands litigation is extremely expensive, time consuming, dependent on expert witness testimony, and highly problematical with regard to the chances for success. Client further understands that legal proceedings can take many months to investigate, gather information, and evaluate. For these reasons, Client recognizes the right of Attorney to withdraw from the representation if at any time Attorney becomes of the opinion that the chances for success do not justify going forward, or that Client's conduct is making Attorney's continued representation impossible or may cause Attorney to violate an ethical rule, or that in Attorney's sole discretion it is no longer feasible, financially reasonable, or proper for it to prosecute or defend Client's claims. Upon such determination, Attorney shall notify Client of those facts and may withdraw from representation under this Agreement.

proceedings, except that Attorney has promised to render the best professional skills at all times.

2. Client acknowledges that Attorney signing below has made no promises as to the outcome of this representation, or any pending or anticipated litigation or proceedings, except that Attorney has promised to render the best professional skills at all times.

## SECTION VII - ATTORNEY'S BILLING STATEMENT

1. It is understood and agreed that Client is responsible for payment of the attorney's fees and costs incurred under this Agreement. It is understood and agreed that the hourly fees set forth herein are not based upon a contingent fee basis. Client will be required to pay Attorney the hourly fees due upon receipt of the Attorney's billing statement, whether monthly or otherwise, regardless of the success of the representation.

2. Client agrees to pay any balance due on Attorney's billing statement within thirty (30) days of the date of the billing statement. Unless Client advises Attorney within five (5) days of receipt of the billing statement of questions about the statement, Client agrees to accept the statement as correct. A late charge of one and one-half percent (1.50%) per month will be added to the balance on any amounts owed William R. Wohlsifer, PA for more than thirty (30) days. This is not a finance charge; William R. Wohlsifer, PA does not extend credit.

3. Any dispute arising from this Agreement shall be resolved in the state court, Tallahassee, Leon County, Florida. The prevailing party in any dispute arising out of this Agreement shall be entitled to reimbursement of all costs of collection including but not limited to attorney's fees, inclusive of costs on appeal and costs of supplementary procedures after judgment, and other costs related to enforcing the terms of this Agreement, regardless of whether litigation is instituted. This paragraph shall survive the termination of this Agreement.

## SECTION VIII - ENTIRE AGREEMENT

1. The failure of either party to enforce any term or condition of this Agreement shall not be deemed a waiver of any such term or condition. This Agreement shall be governed by the laws of the State of Florida applicable to contracts negotiated and fully performed in Florida.

2. This Agreement contains the entire agreement between the parties. This Agreement shall not be modified except by written agreement signed by the parties.

3. This Agreement shall not be invalid as a whole because any of its parts are hereafter declared unenforceable, same to be cured by severance.

4. A fully executed facsimile or electronic copy of the Agreement shall be treated as an original contract. This Agreement and any other documents required by this

Agreement may be executed by facsimile or other electronic means and in any number or counterparts, which shall become effective upon delivery. All counterparts shall be deemed to constitute one instrument, and each counterpart shall be deemed and original.

Client has read, understood, and agreed to the above terms. Client understands that this Agreement is for representation on an hourly fee basis, plus costs.

| | |
|---|---|
| Christopher Paris, Individually<br>Oxebridge Quality Resources Int'l, LLC | 4 JUNE 2014<br>Date |
| Christopher Paris, Managing Member<br>Oxebridge Quality Resources Int'l, LLC | 4 JUNE 2014<br>Date |
| William R. Wohlsifer<br>William R. Wohlsifer, PA | 4 June 2014<br>Date |