# GS2LAW

### Garson, Segal, Steinmetz, Fladgate LLP

| Partners | Of Counsel | Tel: +1 (212) 380-3623 |
| --- | --- | --- |
| Robert Garson ◊ | Stephen Greenwald | Fax: +1 (347) 537-4540 |
| Thomas Segal ˆ | Timothy Kendal ◊ | |
| Michael Steinmetz ∝ * | Ilan Ben Avraham ∇ | |
| Chris Fladgate ° | John Lane ∝ | |

Additional Bar Memberships
◊ England and Wales
ˆ Paris
* New Jersey
∝ Patent Bar
° Victoria (Australia)
∇ Israel

Email: rg@gs2law.com

Hon. Valerie E. Caproni,
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007-1312

December 19, 2014

Re: *G31000 North America, Inc. et al v. Paris et al*, 1:14-cv-03885-VEC

Dear Judge Caproni,

    We represent G31000 North America, Inc, Allen Gluck and Alexis Dali ("Plaintiffs") in the above-referenced action. We respectfully request that the court accept this letter response to Defendants self styled "Verified Motion for Award of Attorney's Fees" ("Def. Fee Motion") (Docket 32).  Defendants failed provide a notice of motion as required by Local Civil Rule 7.1, and fail to present any argument as to why this is "Exceptional Case" so as to warrant an attorney fee award. Defendants appear to have simply copy-pasted a motion without proper citations to any controlling or second circuit case law. No explanation is provided as to why an award of attorney's fees is appropriate and Defendants improper motion should be denied.

    This action was dismissed when the Court declined to exercise jurisdiction. As noted by Defendants, no decision was reached on the merits of the Complaint or Amended Complaint (Def. Fee Motion, ¶4,5). A dismissal for jurisdiction does not create a "prevailing party" under the Lanham Act 15 U.S.C.§ 1117(a)(3). This action may be re-filed in any proper Court that asserts jurisdiction over Defendants.

    Defendants similarly fail to explain how this is an "Exceptional Case" Lanham Act 15 U.S.C.§ 1117(a)(3). In fact, under Second Circuit case law, the Lanham Act attorney's fees provision for "exceptional cases" is understood to mean instances of "fraud or bad faith." See *Twin Peaks Productions v. Publications International, Ltd.*, 996 F.2d 1366, 1383 (2d Cir. 1993) (quoting *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1004 (9th Cir. 1985). No such allegations are present in this case where the merits have not even been reached and the Court declined to exercise jurisdiction.



Continuation Page

Further, there is no distinction in the test for a prevailing plaintiff and a prevailing defendant. *Conopco, Inc. v. Campbell Soup Co.*, 95 F.3d 187, 40 U.S.P.Q.2d 1042 (2d Cir. 1996) ("Nothing in the Twin Peaks decision, nor in any other Lanham Act case in this Circuit, indicates that a different standard should apply for prevailing plaintiffs and prevailing defendants."); *Scotch Whisky Ass'n v. Majestic Distilling Co., 958 F.2d 594, 22 U.S.P.Q.2d 1050 (4th Cir. 1992)* (noting that the Second Circuit requires a showing of bad faith "irrespective of the prevailing party").

In sum, even if Defendants could somehow be considered a "prevailing party", there is no support for an award of attorney's fees under the "exceptional case" statutory test and Defendants motion should be denied.


Respectfully submitted,

/s/     Robert Garson


Robert Garson, Esq.


Cc: William Richard Wohlsifer