

1100 East Park Ave Ste B
Tallahassee FL 32301

Telephone: 850-219-8888
Facsimile: 866-829-8174
infringement-attorney.com

BILL WOHLSIFER, ESQ.

Practicing in:

All Florida State Courts

Washington, DC

U.S. District Court
Northern District of Florida

U.S. District Court
Middle District of Florida

U.S. District Court
Southern District of Florida

U.S. Bankruptcy Court Northern
District of Florida

U.S. Bankruptcy Court
Middle District of Florida

Approved Mortgage
Modification Mediator for the
U.S. Bankruptcy Court Northern
District of Florida

Florida Supreme Court Certified
Circuit Civil Mediator

Florida Supreme Court Certified
Appellate Mediator

Division of Florida
Condominiums, Timeshares,
and Mobile Homes Certified
Dispute Mediator

Trained in Collaborative Law
Practice

Member of the Florida
Academy of Professional
Mediators

Member of the Florida Bar Real
Property, Probate and Trust
Law Section

LEIGHANNE BOONE, ESQ.

Practicing in:

All Florida State Courts

U.S. District Court
Northern District of Florida

# WILLIAM R. WOHLSIFER, PA
*Attorneys at Law & Mediation*

December 22, 2014

Honorable Judge Valerie E. Caproni
United States Courthouse
40 Foley Square
New York, NY 1007

**Re: G3100 North America Inc. et al v. Paris et al
Case No.: 1:14-cv-03885-VEC**

Dear Judge Caproni:

I am writing in response to the plaintiffs' letter motion in opposition to our Verified Motion for Award of Attorney's Fees [Dkt. 33].

Although the plaintiffs cite a notice requirement of Local Civil Rule 7.1, they have overlooked the language of 7.1(a) specifically "or as otherwise permitted by the court." A review of your individual practices in civil cases specifically 3.1 "pre-motion submissions are not required for any motion", further there are 33 docket entries none of which have been noticed before filing.

Plaintiffs request in their original and amended Complaint (page 30 section (G) requests) "costs and reasonable attorney's fees" under the Lanham Act, evidencing plaintiffs' belief that the case was "exceptional" unless its initial pleading was made in bad faith. Having alleged their entitlement to fee recovery under the Lanham Act, plaintiffs are estopped from arguing the case is not "exceptional." Further, even if the case is not "exceptional" other circumstances may warrant a fee award Hartman v. Hallmark Cards, Inc., 833 F.2d 117,123 (8th Cir. 1987).

Although defendants could be considered not a "prevailing party", in appropriate circumstances the court may find that the plaintiffs have acted "in bad faith" Chambers v. NASCO, Inc., 45-46, 111 S. Ct. 2123 (1991).

Plaintiffs acted in bad faith when continuing to amend their complaint ignoring the plain meaning of N.Y. CVP. Law § 302(a) & (b) that specifically bar long-arm jurisdiction for causes of action **arising from** acts of defamation. Plaintiffs had knowledge of these provisions as they cited to N.Y. CVP. Law § 302 in their original complaint, additionally these provisions were specifically brought to the plaintiffs' attention in

open court, on July 11, 2014, during a pretrial conference. Your Honor specifically directed the plaintiffs to address the jurisdictional arguments in defendants' First Motion to Dismiss [Dkt. 8]. As evidenced by Your Honor's November 21, 2014 order [Dkt. 30] the defendants' did not allege sufficient arguments for jurisdiction, nor even address the portion of Section 302 that bars long-arm jurisdiction for causes of action arising from acts of defamation. Additionally, plaintiffs filed eight other documents in bad faith without addressing this deficiency at all, thus unduly increasing costs and fees for the defendants. Other circuits have found groundless arguments and a failure to cite controlling law as bad faith. Retail Services Inc. v. Freebies Publishing, 364 F.3d 535, 550 (4th Cir. 2004)

Further, in disregard of Your Honor's order dated June 23, 2014, [Dkt. 3] Plaintiffs never noticed the defendants of the pretrial conference. Defendants discovered the hearing two days before the July 11, 2014 hearing and incurred significant fees and costs for the last minute flight. Plaintiffs have continued this path of disregard with motions not ripe for adjudication, prolix, superfluous and arguments, such as: 1) repeated Motions for Temporary Restraining Order [Dkts. 13, 17, 26] after being put on notice of the jurisdictional deficiency; 2) filing a twelve-page memorandum of law without a single citation to any law [Dkt. 26]; 3) creating a situation where defendants had to file an opposition to a Motion for Temporary Restraining Order, without filing their Motion for Temporary Restraining Order prior to defendants deadline to respond (causing defendants to timely respond to a stricken motion); and 4) violations of Your Honor's Individual Rules of Civil Practice, for example, Section 3.B for page limits on memoranda of law, all causing defendants to incur otherwise avoidable fees and costs.

Here, defendants believe they have shown plaintiffs to have acted in bad faith throughout this process and therefore are entitled to consideration for the awarding of attorney's fees under the Lanham Act 15 U.S.C. § 1117(a) or in the alternative due to plaintiffs' continued displays of bad faith. See Chambers, 111 S. Ct. at 45-46.

Sincerely yours,

William R. Wohlsifer, Esq.

Cc: Robert Garson, Esq.