```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| USDC SDNY | |
| DOCUMENT | |
| ELECTRONICALLY FILED | |
| DOC #:_____ | |
| DATE FILED:  12/30/2014 | |

----------------------------------------------------------------------X

G31000 NORTH AMERICA, INC., ALLEN GLUCK,   :
and ALEXIS DALI,

                                :

                      Plaintiffs,     :       14-CV-3885 (VEC)

                                  :

           -against-           :       ORDER

                                  :

CHRISTOPHER M. PARIS and OXEBRIDGE    :
QUALITY RESOURCES, INT'L, INC.,           :

                                  :

                 Defendants.    :

----------------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

On November 21, 2014, the Court dismissed Plaintiffs' Complaint that alleged, *inter alia*, violations of the Lanham Act on the basis that the Court lacked personal jurisdiction over the Defendants. Dkt. 30. Defendants moved for attorneys' fees pursuant to Rule 54 of the Federal Rules of Civil Procedure on December 5, 2014. Dkt. 32. Defendants do not seek recovery of costs. Def. Mem. ¶ 15.

Rule 54(d)(2) provides that a motion for attorney's fees must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award." Defendants cite the Lanham Act's damages provision as the basis for the award of fees. Def. Mem. ¶¶ 19-20. That statute provides, in pertinent part, that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). Defendants' motion fails for two reasons. First, Defendants failed to provide any basis for the Court to conclude that this was an "exceptional case" which would justify the award of attorneys' fees. Second, a defendant who obtains a dismissal for lack of personal jurisdiction is not the "prevailing party" for purposes of fee-shifting statutes because the dismissal is not a ruling on the merits. *Dattner v.*

*Conagra Foods, Inc.*, 458 F.3d 98, 101-02 (2d Cir. 2006) (citing *Buckhannon Bd. & Care Home,*

*Inc. v. West Virginia Dep't of Health & Human Resources*, 532 U.S. 598, 605 (2001)).

Defendants' motion for costs and attorneys' fees is DENIED.  The Clerk of Court is

requested to terminate Docket Entry 32.

**SO ORDERED.**

Date:  **December 30, 2014**
       **New York, New York**

**VALERIE CAPRONI**
**United States District Judge**